**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUN 09 2022

ARTHUR JOHNSTON
BY_____ DEPUTY

**WILLIAM JONES, III**                                          )
**PLAINTIFF**                                                       )
                                                                          )
**V.**                                                                   )          Case No.: 2:22cv 74-TBM-RPM
                                                                          )
**THE CITY OF HATTIESBURG**                             )
**HATTIESBURG POLICE DEPARTMENT**            )
**FORREST COUNTY BOARD OF SUPERVISORS**  )
**SHERIFF FORREST COUNTY MISSISSIPPI**       )
**UNKNOWN POLICE OFFICERS A -Z.**               )
**IN THEIR INDIVIDUAL CAPACITY**                   )
**UNKNOWN DEFENDANTS A-Z**                        )
**UNKNOWN NEWS MEDIAS A-Z**                       )
**DEFENDANTS**                                                   )

## COMPLAINT

1.      COMES NOW the Plaintiff, by and through his attorney, and files this Complaint

against the City of Hattiesburg, Mississippi, Hattiesburg Police Department, Forrest County

Board of Supervisors, Sheriff of Forrest County Mississippi, Unknown Police Officers, A-Z, in

their individual capacities, Unknown Defendants A-Z, and Unknown News Media A-Z, and in

support thereof, offers the following:

## PARTIES

2.      The Plaintiff is a resident citizen of Hattiesburg, Forrest County, Mississippi.

3.      Defendant City of Hattiesburg, Mississippi, is a governmental entity located in

Hattiesburg, Forrest County, Mississippi.

4.      Defendant(s) Hattiesburg Police Department and Unknown Police Officers A-Z

who participated in the acts described herein and are employees of the City of Hattiesburg.

5.      Forrest County Board of Supervisors and Sheriff of Forrest operate the jail located

in Hattiesburg, Forrest County, Mississippi.

6.      Defendant(s) unknown A-Z will be enumerated as soon as they are identified.

7.      Defendant(s) unknown News Medias will be enumerated as soon as they are identified.

## INTRODUCTION

8.      The factors herein demonstrate a clear and unjustified violation of William Jones III's right against unlawful search and seizure, false arrest and unlawful incarceration. Our nation's founding doctrines provide a bulwark against violations of official power, including abuses by law enforcement. The Constitution and Federal and state laws prevent police officers from exploiting their positions of authority to subject individuals to unwarranted physical violence, threats, and abuse. The City of Hattiesburg has violated and continues to violate these longstanding canons of fairness and equality. Acting through the Hattiesburg Police Department, the City of Hattiesburg promotes a culture of rampant discrimination against people of color. Local News Media outlets have slandered citizens by relying on false information relayed to them by Hattiesburg Police Department without doing research.

9.      For years and continuing to this day, the City of Hattiesburg has employed a pattern and practice of racial profiling, discrimination, and media slandering that disproportionately and intentionally targets and adversely affects people of color.

10.     This lawsuit is brought against the City of Hattiesburg, Hattiesburg Police Department and Unknown Police Officers A-Z for violations of the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. Code 1983 and state law claims. The Plaintiff seeks monetary damages against the City of Hattiesburg, Hattiesburg Police Department and Unknown Police Officers A-Z, Unknown Defendants A-Z, and Unknown

Media News A-Z for the harm William Jones III incurred as a result of the City's policies and practices and news media reporting.

## JURISDICTION AND VENUE

11.    This cause of action arises under the U.S. Constitution and the laws of the United States. The case presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. Section 1331; this Court also has jurisdiction under 28 U.S.C. Section 1343(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the U.S. Constitution.

12.    Defendant CITY OF HATTIESBURG is a municipal corporation under the laws of the City of Hattiesburg, located in the Southern District of Mississippi. It is authorized under the laws of the State of Mississippi to maintain the Hattiesburg Police Department, which acts as the City's agent in the area of municipal law enforcement, and for which the City is ultimately responsible. Defendant City of Hattiesburg is, at all times material to this Complaint, the employer and principal of the Defendant Hattiesburg Police Department and Unknown Police Officers A-Z described below.

13.    Hattiesburg Police Department and Unknown Police Officers A-Z are the City of Hattiesburg employees with the Hattiesburg Police Department. Each is sued in his individual capacity for violating the individual constitutional rights of William Jones, III.

13.    Defendant Forrest County Board of Supervisors and Sheriff Forrest County Jail.

14.    At all times material to this Complaint, the Defendant Officers acted under color of state law as police officers of the City of Hattiesburg, and acted in the course and within the scope of their employment.

15.     Unknown Media News A-Z reported and televised news in Hattiesburg, Mississippi.


### ALLEGATION OF FACT

1.     **THE CITY OF HATTIESBURG'S POLICIES AND PRACTICES WERE THE   MOVING FORCE BEHIND THE VIOLATIONS OF PLAINTIFFS' RIGHTS.**

15.     On June 8, 2022, William Jones III, an owner of Eastside Soul Food Restaurant was at his place of employment.  Jones opened the restaurant for business at 11:00 a.m.  At approximately 12:00 p.m., Jones exited the front door of his business.  He was shot with a gun by a black male in the parking lot of his business.  Fearing immenent death, Jones returned fire with his gun in self-defense of himself, customers in the restaurant, and to protect his property.  The assailant continued to fire into the business.  Jones was shot in the right thigh.  Customers in the restaurant, to include a baby, dropped to the floor.  One customer was braised by a bullet and was bleeding.  An employee called Hattiesburg Police Department.   Jones was transported to Forrest General Hospital for his gunshot wound.

16.   Hattiesburg Police Department received a statement from the employee, who was an eyewitness stating that an unknown assailant fired at Jones.

17.   The law in Mississippi is clear according to Section 97-3-15 of Mississippi's Annotated Code, one may use force (even to the extent of causing another's death), if the context of the situation presents a reasonable risk of suffering death or serious injury at the hands of the one against whom the person acts.  The Castle Doctrine states that one's home is their castle, and thus they may defend it from threats of unlawful entry.  This right to defend oneself under this principle extends to one's personal vehicle as well as their place of employment.  Jones was

lawful in protecting himself, his customers and his place of business.

18.     Hattiesburg Police Department without probable cause requested a search warrant for Jones' vehicle and Eastside Restaurant from the Municipal Court Judge. HPD searched Jones' vehicle and Eastside Restaurant for five (5) hours. Foresensics showed that the bullet holes in Eastside Restaurant came from shots fired outside the business. Additionally, a customer was graised with a bullet. There was no probable cause to search Jones' car or Eastside Restaurant.

19.     Hattiesburg Police Department refused to let Jones' family know his medical condition or whereabouts for hours. Jones was treated at Forrest General Hospital for a gunshot wound. Jones was discharged and transported in a bloody hospital gown to the Hattiesburg Police Department. Knowing that Jones was in pain and under medication Hattiesburg Police Department and Unknown Police Officers A-Z interrogated Jones violating his Miranda rights.

20.     The City of Hattiesburg, Hattiesburg Police Department and Unknown Police Officers influenced the Municipal Court Judge to sign an arrest warrant without probable cause. Jones was rushed to the Forrest County Jail, so that his picture could be on ten o'clock p.m. news. Jones character was slandered. He was humiliated and embarrassed. The City's policies, practices, and customs concerning discriminatory policing. As a result, plaintiff has been subjected to emotional harm.

21.     The Forrest County Board of Supervisors and the Sheriff of Forrest County are unlawfully incarcerating Jones at the Forrest County Jail.

22.     The City's policies and practices are the true cause of the harm suffered by

William Jones III. They have been perpetuated by the City of Hattiesburg and the Hattiesburg Police Department for decades, continuing through the present day and, absent the relief requested herein, into the future.

23.     William Jones III was harmed by the Hattiesburg Police Department and unknown Police Officers A-Z as they were acting in accordance with the City's policies and practices of discriminatory policing, inadequate discipline and training.

24.     William Jones III was subjected to unlawful arrest and charged with a crime without probable cause, because he was a Black man in the City of Hattiesburg, Mississippi.

25.     Unknown Media News reported the news from the City of Hattiesburg and Hattiesburg Police Department.

26.     As a direct and proximate result of the aforesaid acts and omissions of the City of Hattiesburg, Hattiesburg Police Department and Unknown Police Officers A-Z the Fourteenth Amendment rights of Jones has been violated.

## INDIVIDUAL LEGAL CLAIMS
## COUNT I – 42 U.S.C. SECTION 1983
### Violation of the Fourth Amendment – False Arrest/ Unlawful Incarceration
### (City of Hattiesburg, Hattiesburg Police Department, and Unknown Police Officers A-Z)

27.     Each paragraph of this Complaint is incorporated as if restated fully herein.

28.     The actions by the Defendants the City of Hattiesburg, Hattiesburg Police Department, Forrest County Board of Supervisors and Sheriff of Forrest County in falsely detaining, arresting and imprisoning William Jones, III violated Plaintiff's Fourth Amendment

rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. Section 1983.

29.     The actions by the Defendants the City of Hattiesburg and Hattiesburg Police Department in searching Jones' car and Eastside Restaurant without probable cause violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. Section 1983.

30.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for William Jones, III clearly established constitutional rights.

31.     The actions of the City of Hattiesburg, Hattiesburg Police Department, Forrest County Board of Supervisors and Sheriff of Forrest County were the direct and proximate cause of the violations of William Jones III's Fourth Amendment rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

## COUNT II – 42 U.S.C. SECTION 1983

### Conspiracy to Deprive William Jones III of his Constitutional Rights
### (City of Hattiesburg, Hattiesburg Police Department, and Unknown Police Officers A-Z)

32.     Each paragraph of this Complaint is incorporated as if restated fully herein.

33.     Each of the Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful mean.

34.     Each of the Defendants took concrete steps to enter into an agreement to unlawfully detain and arrest William Jones III, knowing they lacked probable cause.

35.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for William Jones, III clearly established constitutional rights.

36.     The actions of the City of Hattiesburg, Hattiesburg Police Department and Unknown Police Officers A-Z were the direct and proximate cause of the violations of William Jones III's Fourth Amendment rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of liberty, loss of income, and legal expenses, as set forth more fully above.

### Count III – State Law Claim
### Civil Conspiracy
### (City of Hattiesburg, Hattiesburg Police Department, and Unknown Police Officers A-Z)

37.     Each paragraph of this Complaint is incorporated as if restated fully herein.

38.     The individual Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

39.     Each of the individual Defendant Officers took concrete steps to enter into an agreement to unlawfully detain and arrest William Jones III, knowing they lacked probable cause to do so, and for the purpose of violating William Jones III Fourth and Fourteenth Amendment rights.

40.     The individual Defendant Officers committed unlawful overt acts and were otherwise willful participants in joint activity in furtherance of this conspiracy.

41.     The individual Defendant Officers acted with malice, willfulness and reckless indifference to the rights of William Jones III.

42.     Each individual Defendant is therefore liable for the violation of William

Jones III's rights by any other individual Defendant.

43.     As a direct and proximate result of the Defendants' conspiracy, William Jones III suffered damages, including severe emotional distress and anguish, as a proximate result of the individual Defendants' misconduct and conspiracy to engage in misconduct. Upon information and belief, the City of Hattiesburg, Mississippi, and its agent, Hattiesburg Police Department, engaged and continues to engage in abusive and invasive policing procedures with reckless disregard for their wards, which is not in the best interest of the citizens of the city of Hattiesburg, Mississippi.

## COUNT IV – State Law Claim
### Intentional Infliction of Emotional Distress
**(City of Hattiesburg, Hattiesburg Police Department, and Unknown Police Officers A-Z)**

42.     Each paragraph of this Complaint is incorporated as if restated fully herein.

43.     The individual Defendant Officers' conduct described above was extreme and outrageous. The Defendants' actions were rooted in an abuse of power or authority. Defendants intended to cause, or recklessly disregarded the probability that their conduct would cause, severe emotional distress to William Jones III.

44.     Plaintiffs suffered and continue to suffer emotional distress as a direct and proximate result of the individual Defendant Officers' actions.

## COUNT V – State Law Claim
### Malicious Prosecution
**(City of Hattiesburg, Hattiesburg Police Department, and Unknown Police Officers A-Z)**

45.     Each paragraph of this Complaint is incorporated as if restated fully herein.

46.     Defendant Hattiesburg Police Department and unknown Police Officers

A-Z pressed charges against William Jones, III. The Defendants made statement to the Municipal Court Judge, knowing them to be without genuine probable cause. The Defendants made statements to the Municipal Court Judge with the intent of exerting influence, and to institute and continue the judicial proceedings against William Jones III.

47.     The Defendant Officers caused William Jones III to be improperly subjected to judicial proceedings for which there was no probable cause.

48.     Statements of Hattiesburg Police Department and Unknown Police Officers A-Z, including police reports, regarding William Jones III's alleged culpability were made with knowledge that said statements were false. They Defendants fabricated police reports so as to bring charges against William Jones III.

49.     The misconduct in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to William Jones III's rights.

50.     As a direct and proximate result of this misconduct, William Jones III sustained and continues to sustain injuries and emotional distress.

## COUNT VI – State Law Claim
### Respondeat Superior
### (William Jones III Against City of Hattiesburg)

51.     Each paragraph of this Complaint is incorporated as if restated fully herein.

52.     In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of and agents of, the Hattiesburg Police Department, acting at all relevant times within the scope of their employment.

53.     Defendant City of Hattiesburg is liable as principle for all torts in violation of state law committed by its agents.

### COUNT VII – Indemnification
### Respondeat Superior
### (William Jones III Against City of Hattiesburg)

54.     Each paragraph of this Complaint is incorporated as if restated fully herein.

55.     Public entities are liable to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

56.     The individual Defendant Officers acted within the scope of their employment in committing the misconduct described herein.   Therefore, Defendant City of Hattiesburg is liable as their employer for any resulting damages or award of attorney's fees.

### PRAYER FOR RELIEF

Wherefore, William Jones III requests that this Court grant the following relief:

A.     Compensatory damages to against City of Hattiesburg, Hattiesburg Police Department and Unknown Police Officers A-Z, Forrest County Board of Supervisors, Sheriff of Forrest County, Unknown Defendants A-Z and Unknown News Media A-Z for violations alleged in this Complaint.   Punitive Damages against Hattiesburg Police Department and the individual Defendant Officers for these violations;

B.     Compensate for all of the Plaintiffs' damages, including but not limited to, psychological and emotional trauma resulting from the acts of the Defendant;

C.     Costs for medical and psychological treatment;

D.    Reasonable attorneys' fees and costs;

E.    An award of pre- and post-judgment interest as allowed by law;

F.    An award of all costs and expenses; and,

G.    Any other relief to which they may be entitled.

If the Plaintiff has prayed for insufficient or improper relief, they respectfully request this Honorable Court award them any and all relief to which they are entitled.   General relief is requested.

RESPECTFULLY SUBMITTED on this, the 9th day of June, 2022.

Vanessa J. Jones, Attorney for the Plaintiff
MSB # 10236, vjjlawoffice@gmail.com
PO Box 1554, Hattiesburg, MS 39403
P:  601.582.9177, F:  601.582.5340

## CERTIFICATE OF SERVICE

I, Vanessa J. Jones, do hereby certify that I have this day caused the above and foregoing document to be filed via the MEC which transmitted a copy to all registered attorneys.

This, the 9th day of June, 2022.

Vanessa J. Jones